UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE GOLDEN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:24-CV-05003-ECS<br><br>OPINION AND ORDER ADOPTING THE R&R, OVERRULING PETITIONER'S OBJECTIONS, AND GRANTING THE GOVERNMENT'S MOTION TO DISMISS TO THE EXTENT STATED IN THE R&R |

This matter comes before the Court upon Pro Se Petitioner Christopher Lee Golden's ("Golden") objections to Magistrate Judge Daneta Wollmann's Report and Recommendation ("R&R"). Docs. 25, 27. Judge Wollmann recommends that the Government's Motion to Dismiss, Doc. 20, be granted and that Golden's initial habeas corpus claim under 28 U.S.C. § 2255 be denied. Doc. 39 at 23. For the reasons below, this Court overrules Golden's objections, adopts the R&R, and grants the Government's Motion to Dismiss to the extent recommended in the R&R.

I. **Background**

Judge Wollmann provided a full factual background in her R&R. See id. Golden does not object to the facts in Judge Wollmann's R&R. See Doc. 27. For this reason, this Court incorporates by reference the facts set forth in the R&R. Thus, this Court need only summarize the facts necessary to resolve Golden's objections.

Golden petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in January 2024. Doc. 1. In his petition, Golden asserts that Thomas Diggins, his trial

1

counsel, was ineffective by failing to call Daniel Meinke, Golden's expert, to testify at trial. Id. at 4. Golden maintains that Meinke testified that Golden did not break any federal laws at his sentencing hearing. Id. For this reason, Golden claims that he was "denied a fair trial." Id.

Nine months after filing his habeas petition, Golden moved to amend his petition based on "newly discovered evidence." Doc. 15 at 1. His proposed amendment sought to add another ineffective assistance of counsel claim under the theory that Diggins "failed to properly advise [him] regarding [a potential] plea." Id. at 2.

The Government moved to dismiss Golden's petition and deny his motion to amend. Docs. 21, 22. In response, Golden moved for discovery requesting his case file, an audio recording of his sentencing hearing, and phone transcripts of calls between himself and Diggins from the Scottsbluff County Jail, where Golden was being held in custody. Docs. 23, 24.

This matter was referred to Magistrate Judge Wollmann under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which assigns magistrate judges the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. After considering the facts and law, Judge Wollmann recommended that the Government's Motion to Dismiss, Doc. 20, be granted in part and taken under advisement in part and that Golden's initial habeas claim be denied with prejudice, without an evidentiary hearing. Doc. 25 at 24. Judge Wollmann also granted Golden's motion to amend. Id. And Judge Wollmann granted in part and denied in part Golden's discovery motions. Id. Judge Wollmann granted Golden's discovery requests for his case file and phone transcripts but denied his request for audio recordings of his sentencing hearing. Id. at 22–23. Lastly, Judge Wollmann took Golden's additional claim in his amendment under advisement and ordered further briefing on that issue. Id. at 24–25. Golden now objects to the R&R. Doc. 27.

## II. Legal Standard

This Court reviews the R&R in accordance with 28 U.S.C. § 636(b)(1), which provides "the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)).

## III. Discussion

Golden raises two objections to the R&R. Doc. 27. He first objects to Judge Wollmann's denial of his request for audio recordings of his sentencing hearing because he believes that matter is material to his initial habeas claim. Id. at 1. His second objection states that he recalls Meinke saying "[h]e did not break any federal laws" during his sentencing hearing. Id. Both of Golden's objections attack Judge Wollmann's denial of his request for the audio of his sentencing hearing.

Judge Wollmann denied Golden's request pursuant to this Court's Local Rules. Doc. 25 at 23. The District of South Dakota's Local Rules state:

> If a proceeding has been recorded electronically and the electronic recording constitutes the official record, the clerk of court will arrange, upon the request of any party, to have a transcript prepared from the electronic recording. The requesting party will be responsible for any costs associated with producing a transcript in accordance with the directives of the Administrative Office of the United States Courts. **Recordings will not be released to parties or the public.**

D.S.D. Crim. LR 57.2 (emphasis added).

This Court has previously considered the dilemma presented when the transcript of a proceeding is different from what counsel or parties recollect:

> Here, the trial was officially recorded verbatim by shorthand by a court reporter hired by the court. . . . The court finds this transcript is the official record of the trial. The court also utilized the For The Record (FTR) recording system during the trial, which is a digital recording made during court proceedings when a court reporter is not available or necessary. See http://fortherecord.com. But because the court reporter produced the official record in this case, the court finds that FTR was a back up recording device for court use only. See Emmel v. Coca–Cola Bottling Co. of Chi., Inc., 904 F. Supp. 723, 752 (N.D. Ill. 1995). As a result, neither party is entitled to a copy of the FTR recording.

Jones v. Nat'l Am. Univ., No. 06-CV-5075, 2009 WL 949189, at *1 (D.S.D. Apr. 4, 2009). Thus, the official sentencing transcript controls, and Golden's belief that he heard something different does not entitle him to the hearing's audio recording. See United States v. Garrett, No. 21-CR-30091, 2023 WL 241831, at *9 (D.S.D. Jan. 18, 2023), aff'd, 103 F.4th 490 (8th Cir. 2024). For this reason, Golden's objections, Doc. 27, are overruled.

After reviewing the R&R and the record, this Court adopts the R&R in its entirety.

## IV. Order

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that the R&R, Doc. 25, is adopted in its entirety. It is further

ORDERED that Golden's objections, Doc. 27, are overruled. It is further

ORDERED that the Government's Motion to Dismiss, Doc. 20, is granted in part and taken under advisement in part as recommended in the R&R. It is finally

ORDERED that Golden's initial habeas claim, Doc. 1, is denied with prejudice.

DATED this 23rd day of June, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE